(No. 3261—

HARRY J. KOPP, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed March 11, 1941.

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint herein sets forth that the claimant in making application for a 1937 license for his Ford truck incorrectly stated the weight thereof, and that by reason of such error, he was required to and did pay a license fee of $24.00 whereas the proper fee based upon the correct weight of such truck was but $12.00, and he therefore asks for a refund of the amount so overpaid, to wit, the sum of Twelve Dollars ($12.00).

The Attorney General has moved to dismiss the case for the reason that the fee paid by claimant was correctly assessed by the Secretary of State upon the basis of the application filed by claimant, and was paid by the claimant voluntarily without protest, and consequently he is not entitled to refund of any part thereof.

It is well settled that where a tax or license fee is paid voluntarily, without duress or compulsion, and not under pro-

test, the same cannot be recovered. Where, however, such tax or license fee is paid under a mistake of fact, it is considered to have been paid involuntarily and may be recovered. However, where the tax is correctly computed by the taxing officer on the basis of an application or return filed by the applicant, and the over payment is the result of inadvertence or mistake on the part of the taxpayer himself, and not on the part of the taxing officer, the payment is not made under a mistake of fact within the legal meaning of those words, and cannot be recovered. (*Western Dairy Co.* vs. *State,* 9 C. C. R. 498; *James B. Emerick* vs. *State,* 9 C. C. R. 510; *Stotlar-Herrin Lumber Company* vs. *State,* 9 C. C. R. 517; *Fried-Bell Paper Co.* vs. *State,* 9 C. C. R. 531; *Monarch Fire Insurance Co.* vs. *State,* 9 C. C. R. 538; *Oppenheimer Casing Co.* vs. *State,* 10 C. C. R. 9.)

Under the facts set forth in the complaint we have no authority to allow an award and therefore the motion of the Attorney General must be sustained and the claim dismissed.

Motion to dismiss allowed. Case dismissed.